NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRANDON STEPHEN LOPEZ, *Appellant*.

No. 1 CA-CR 16-0392
FILED 12-27-2016

Appeal from the Superior Court in Maricopa County
No.  CR2012-125141-002
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal of restitution, taken pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Brandon Stephen Lopez has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Lopez was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, the restitution orders are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In December 2014, following a jury trial, Lopez was found guilty of one count of first degree felony murder and two counts of first degree burglary. In March 2015, the court sentenced Lopez to life in prison with the possibility of release after 25 years on the murder conviction, and terms of years on the burglary convictions. Those convictions and sentences were affirmed by this court on direct appeal and the mandate on that appeal has now issued. *See State v. Lopez*, 2016 WL 2893704 (App. May 17, 2016) (mem. dec.).

¶3        In July 2015, the superior court held an evidentiary restitution hearing. The court ordered Lopez to pay $491.85 in restitution for property damage, which Lopez did not dispute. Lopez did, however, dispute the $1,169.44 a victim was claiming for replacing a door through which Lopez had accessed the home. This victim claimed that, although Lopez did not damage the door, it was replaced for his family's safety and peace of mind. In August 2015, after having taken the matter under advisement, considering post-hearing briefs and following *State v. Brady*, 169 Ariz. 447 (App. 1991), the court awarded the victim the additional $1,169.44.

¶4        This court has jurisdiction over Lopez' appeal of these restitution rulings pursuant to Article 6, Section 9, of the Arizona

Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), and 13-4031 13-4033(A)(20XX) (2016).[1]

## DISCUSSION

**¶5**      The record shows that Lopez was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record provided contains substantial evidence supporting the restitution Lopez is ordered to pay. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the restitution orders imposed comply with the statutory requirements. *See* A.R.S. § 13-804.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. Lopez filed a delayed notice of appeal from the restitution orders, which was timely filed following an order granting him leave to do so. *See* Ariz. R. Crim. P. 31.2, 31.3.

**CONCLUSION**

**¶6**  This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. *State v. Leon*, 104 Ariz. 297, 300 (1969); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Lopez' restitution orders are affirmed.

**¶7**  Upon the filing of this decision, defense counsel is directed to inform Lopez of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Lopez shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA